IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JONATHAN ALLEN,

    Petitioner

VS.

JAMES DONALD,

    Respondent

**NO. 5:07-CV-99 (HL)**

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent JAMES DONALD's MOTION TO DISMISS the above-styled habeas corpus action. Tab #9. The respondent's motion alleges that petitioner JONATHAN ALLEN has failed to exhaust the state remedies available to him as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner Allen has responded to the motion. Tab #13.

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing* *Ex Parte Royall*, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

The respondent has shown that petitioner Allen's attempts to have his case — which deals with an alleged *ex post facto* application of parole conditions for sex offenders — heard in state forums have been brought through incorrect procedures in the Georgia system and that Allen could still filed a mandamus action and a complaint for declaratory judgment at the state level. Allen has therefore not fairly presented his claims to the State of Georgia. ***Castille v. Peoples***, 489 U.S. 346 (1989). Because his claims have not been correctly brought before the state courts, his claim is not ripe for federal review. *Rose v. Lundy, supra*.

Allen's response, which deals mainly with the merits of his claim, only cursorily refutes the respondent's contentions regarding exhaustion, and his argument includes one conclusory statement — "[F]ederal Courts have the authority to hear cases <u>exhausted</u> and '<u>unexhausted</u>' by state court habeas corpus in a federal habeas corpus" — and cites to two cases that are not relevant to his case.[1] Tab #13 at 2-3. Petitioner's contentions are therefore without merit.

Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be DISMISSED *without prejudice*.[2] In light of the undersigned's recommendation of dismissal on exhaustion grounds, the petitioner's MOTION FOR SUMMARY JUDGMENT (Tab #15) need not be considered, and IT IS RECOMMENDED that the same be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 6th day of NOVEMBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] ***Day v. McDonough***, 547 U.S. 198 (2006) and ***Darr v. Burford***, 339 U.S. 200 (1950).

[2] All dismissals for failure to exhaust state remedies must be without prejudice.